23496. TERRELL *v.* THE STATE.

BROYLES, C. J. The defendant was convicted of the offense of possessing whisky. The evidence, while circumstantial, was sufficient to exclude every *reasonable* hypothesis save that of his guilt, and the refusal of the court to grant a new trial was not error. The cases cited in the brief of counsel for the plaintiff in error are distinguished by their particular facts from this case.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., dissents.*

DECIDED NOVEMBER 18, 1933.

*J. H. Tipton,* for plaintiff in error.

GUERRY, J., dissenting. The defendant rented and operated an automobile service station in the front end of a frame and corrugated iron building, sixty or seventy feet long, and having a solid partition wall running through and cutting off the front end from the rear. This wall was solid with no opening in it as high up as the eaves of the building, about twelve feet with the gable or V-shaped space above open. The rear part of the building was used by defendant's father and had a door and window opening on another street from the front end. The officers went to search this building and found the defendant working near the place in a field, and he told them to go ahead and search the premises. Nothing was found in the front part of the building occupied by the defendant, and the rear part was locked up. The defendant told the officers, at the time, that he had nothing to do with the rear apartment and that his father kept it locked when he was away. The doors to this apartment were locked from the inside. While the officers were preparing to climb over the partition the defendant walked to the side near the window of the rear apartment. One of the officers followed the defendant and saw him come from a water-closet and walk up to the window in the rear apartment within ten or fifteen feet of the officer and look in the window and call the name " 'Willie,' 'Willie,' 'Willie,' in a low tone of voice." In the meantime the other officer had climbed over the dividing wall, and, as he did so, Willie Harris, a negro boy, came out from among some sacks filled with velvet beans, and the officers at the point from which the boy came found six pint bottles of whisky between the bean sacks. While the officers were getting the whisky the negro boy ran off. The defendant at the time denied any knowledge of the whisky, and said that he looked in the window and saw Willie in the room and called him and asked him what he was doing in there. It was also shown that a few minutes thereafter the defendant remarked, "I'll bet I know the son of a bitch who turned me up." The father, J. W. Terrell, testified that he had the back part of the building in charge and kept it closed most of the time, that he did not know about the whisky and had tried to find Willie Harris since that time, but had been unable to find him. The defendant denied all knowledge of the whisky.

I do not think this evidence sufficient to remove every reasonable hypothesis save that of the guilt of the accused. The room in which the whisky was found was not in the possession, ownership, or control of the defendant. There was another person present at the place where the whisky was found who took refuge in flight. The circumstances may raise a suspicion that the defendant had guilty knowledge of the presence of the whisky, but to my mind are insufficient to measure up to the circumstantial-evidence rule. In my opinion the judgment should be reversed.